FILED MAR 0 6 2008

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAVOY ROBINSON,<br>    Plaintiff,<br><br>    v.<br><br>DAVID SCOTT RUDENSTEIN,<br>    Defendant. | CIVIL ACTION NO. 07-3160 |

## MEMORANDUM AND ORDER

Katz, S.J.                                                    March 5 , 2008

Before the court are the parties' briefs on the issue of whether

Plaintiff's claims are barred by the rule articulated in Heck v. Humphrey

(Documents No. 28 and 29), as well as Defendant's Motion for Reconsideration of

the court's Order of February 1, 2008 (Document No. 29).  For the following

reasons, the court concludes that Plaintiff's second amended complaint[1] fails to

state a claim on which relief may be granted, because Plaintiff's claims are barred

by Heck.  The court therefore will dismiss Plaintiff's second amended complaint

without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and will deny

---

[1] On February 4, 2008, the court granted Plaintiff's "Motion for Leave to File an
Amended Complaint." See Document No. 27.  No amended complaint has been filed, however,
since the date of that Order.  The court therefore will, for the reasons set forth in this opinion,
dismiss the complaint before it – i.e., Plaintiff's second amended complaint.

ENTERED

MAR 0 6 2008

CLERK OF COURT

Defendant's motion for reconsideration.[2,3]

## I. Background

### A. Factual Allegations

According to the second amended complaint, on February 3, 2005, Plaintiff was found guilty in Pennsylvania state court of first-degree murder and possession of an instrument of crime ("PIC"). See Second Amended Complaint ("SAC") at 3. Based on these convictions, Plaintiff was sentenced on April 13, 2005 to life in prison, and a consecutive term of between 2½ to 5 years in prison. Id.

In May or June of 2005, Defendant was appointed to serve as Plaintiff's counsel in his appeal from his murder and PIC convictions. Id. On July

---

[2] Defendant appears to have moved for reconsideration of the court's Order of February 1, 2008 (Document No. 25) – which denied Defendant's previous motion to dismiss without prejudice with leave to renew – because he believes that the court cannot rely on Heck v. Humphrey to dismiss this action without vacating that Order. That is not the case. As explained in more detail below, the court must dismiss the action of a plaintiff proceeding in forma pauperis on its own motion if it determines that the complaint fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). The court will therefore deny Defendant's motion for reconsideration.

[3] "[I]f a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002)). As explained more fully below, the court will not give Plaintiff leave to amend his complaint again, because such an amendment would be futile. See, e.g., Tejada v. Hilbert, No. 07-MC-41, 2007 WL 1152677, at *2 (E.D. Pa. Apr. 17, 2007).

20, 2005, Defendant allegedly filed a "1925(b) Brief," in which he wrote that "[w]hile there certainly was enough evidence in this case to conclude that the Defendant, Savoy Robinson, shot and killed the victim, there is but mere speculation and conjecture as to whether Defendant had a specific intent to kill at the time of the shooting." Id. According to Plaintiff, this statement shows that Defendant believed that Plaintiff was "guilty as charged, effectively acting as a second prosecutor and denying [him] equal protection of the laws." Id.

On September 5, 2005, Plaintiff alleges that, after reading the above-quoted brief, he wrote to Defendant, asking him to "withdraw his brief and delete his personal and biased opinion against [him]." Id. at 3–4. Plaintiff claims that he never received a response to this letter. Id. at 4.

On December 5, 2005, Plaintiff wrote Defendant another letter. Id. In this letter, he informed Defendant that he believed exculpatory videotape evidence had been withheld from the jury at his trial, in violation of Brady v. Maryland, 373 U.S. 83 (1963). Id. He also asked Defendant "to refrain from referring to [him] as a killer in any future brief" filed on his behalf. Id. Again, Plaintiff claims that Defendant did not respond to this letter. Id. On February 15, 2006, Plaintiff sent Defendant another copy of this letter by certified mail; more than a month later, the letter was returned after being stamped "unclaimed." Id.

On March 23, 2006, Defendant allegedly filed an appeal on Plaintiff's behalf in the Superior Court of Pennsylvania. Id. According to Plaintiff, Defendant "still in his own words referred to [Plaintiff] as the shooter and killer throughout the appeal" even though he "knew . . . or should have known about the [exculpatory] videotape" evidence. Id.

On November 30, 2006, Defendant allegedly filed a notice of appeal on Plaintiff's behalf in the Supreme Court of Pennsylvania, in which he "continued to refer to [Plaintiff] as a killer and shooter." Id. at 5. Plaintiff again sent Defendant a letter asking that he not refer to Plaintiff as a killer and shooter. Id. This time, Defendant allegedly responded and stated in his letter: "You killed your roommate. That is all that can be said. Best of luck in prison." Id.

At some unspecified time, Plaintiff further claims that Defendant called him a "Tar Baby" for complaining about Defendant's conduct to Judge Sheila Woods-Skipper (of the Philadelphia Court of Common Pleas). Id. According to Plaintiff, Defendant "then stated that [J]udge Sheila Woods-Skipper is not Abraham Lincoln and the United States is not Liberia and that this bureaucracy stands firmly on the principles of Mr. William Lynch." Id. Defendant then allegedly said, "Clean your damn pig-pen Tar Baby" and hung up the phone. Id.

4

Lastly, Plaintiff asserts that "the Court Record established and documented two separate accounts of conspiracy against plaintiff's Civil Rights; between (1) Debra Naish and Dale Nicholson, when they agreed to leave a majority of biased jurors on the jury panel; (2) Debra Naish and Detective Thomas Augustine, when they agreed to suppress exculpatory videotape recordings from the jury." Id. Defendant allegedly knew of these conspiracies and "neglected to prevent the commission of the same [wrongful acts] by suppressing the very same exculpatory videotape recordings and Sixth, Thirteenth, and Fourteenth Amendment violations from the higher courts, Superior and Supreme Courts." Id. at 5–6.

## B. Legal Claims

Plaintiff's Second Amended Complaint asserts two causes of action. First, Plaintiff claims that Defendant is liable for conspiring (under color of state law) with others to violate his civil rights in violation of 42 U.S.C. § 1985(3). Second, Plaintiff claims that Defendant is liable under 42 U.S.C. § 1986 for wrongfully neglecting and refusing to act to prevent Plaintiff from being injured by the harmful acts committed pursuant to the above-mentioned § 1985(3) conspiracy. Put simply, Plaintiff alleges that Defendant's conspired against him and wrongfully neglected to act, because he did not rely on what Plaintiff claims

5

are "exculpatory videotape recordings" to argue for the reversal of Plaintiff's convictions in appeals before the Pennsylvania Superior and Supreme Courts. <u>Id.</u> at 6–7. Based on Defendant's alleged use of the above-mentioned racial slurs, Plaintiff also avers that Defendant "was motivated by a hateful attitude towards . . . Black People" (like Plaintiff) to act as a "second prosecutor" against Plaintiff. <u>Id.</u> at 7. Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages and attorney's fees and costs. <u>Id.</u> at 8.

## II. Legal Standard

On September 4, 2007, the court granted Plaintiff's motion for leave to proceed *in forma pauperis*. <u>See</u> Document No. 5. This action is therefore governed by 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the court must dismiss this action if it determines that it "fails to state a claim on which relief may be granted." "In determining whether to dismiss a claim pursuant to § 1915(e)(2)(B)(ii), courts apply the same standard of review as used when considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." <u>Agbozouhoue v. Total Serenity Day Spa</u>, Civil Action No. 07-2803, 2007 WL 2404708, at *2 (E.D. Pa. Aug. 16, 2007); <u>see also</u> <u>Tourscher v. McCullough</u>, 184 F.3d 236, 240 (3d Cir. 1999).

The Supreme Court has summarized as follows the legal standard

applicable to a FED. R. CIV. P. 12(b)(6) motion to dismiss:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and
> plain statement of the claim showing that the pleader is entitled to
> relief," in order to "give the defendant fair notice of what the . . .
> claim is and the grounds upon which it rests." While a complaint
> attacked by a Rule 12(b)(6) motion to dismiss does not need detailed
> factual allegations, a plaintiff's obligation to provide the "grounds" of
> his "entitle[ment] to relief" requires more than labels and conclusions,
> and a formulaic recitation of the elements of a cause of action will not
> do. *Factual allegations must be enough to raise a right to relief
> above the speculative level, on the assumption that all the allegations
> in the complaint are true (even if doubtful in fact).*

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964–65 (2007) (quoting Conley

v. Gibson, 355 U.S. 41, 47 (1957)) (emphasis added) (internal citations and

footnote omitted); accord Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007);

Phillips v. County of Allegheny, — F.3d —, 2008 WL 305025, at *3–4 (3d Cir.

Feb. 5, 2008).[4, 5] The Third Circuit recently reexamined the Rule 12(b)(6)

---

[4] In the footnote in the above-quoted passage, the Twombly Court added that "[w]hile, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant 'set out *in detail* the facts upon which he bases his claim,' Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." 127 S.Ct. at 1965 n.3 (quoting Conley, 355 U.S. at 47) (emphasis in original). "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id.; see also Phillips, 2008 WL 305025, at *4 ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests.").

[5] "In [Twombly], the Supreme Court rejected language that long had formed part of the Rule 12(b)(6) standard, namely the statement in Conley v. Gibson, 355 U.S. 41 (1957), that a complaint may not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Phillips, 2008 WL

standard in light of <u>Twombly</u> and offered the following helpful observation:

> The Supreme Court's <u>Twombly</u> formulation of the pleading standard
> can be summed up thus: "stating . . . a claim requires a complaint
> with enough factual matter (taken as true) to suggest" the required
> element. [<u>Twombly</u>, 127 S. Ct. at 1965.]  This "does not impose a
> probability requirement at the pleading stage," but instead "simply
> calls for enough facts to raise a reasonable expectation that discovery
> will reveal evidence of" the necessary element. <u>Id.</u>

<u>Phillips</u>, 2008 WL 305025, at *6.

In the wake of <u>Twombly</u>, the Third Circuit has stated that "[i]t remains an acceptable statement of the [Rule 12(b)(6)] standard, for example, that courts 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'"  <u>Phillips</u>, 2008 WL 305025, at *5 (quoting <u>Pinker v. Roche Holdings Ltd.</u>, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  In so doing, the court usually looks "only to the facts alleged in the complaint and its attachments without reference to other parts of the record," <u>see</u> <u>Jordan v. Fox, Rothschild, O'Brien & Frankel</u>, 20 F.3d 1250, 1261 (3d Cir. 1994), but it also may consider "matters of public record . . . and undisputedly

---

305025, at *2 (quoting <u>Conley</u>, 355 U.S. at 45–46); <u>see also</u> <u>Twombly</u>, 127 S. Ct. at 1969 ("*This phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard*; once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.") (emphasis added).

authentic documents attached to a motion to dismiss." <u>Delaware Nation v.</u>

<u>Pennsylvania</u>, 446 F.3d 410, 413 n.2 (3d Cir. 2006).[6]

### III. Discussion

The issue here is whether Plaintiff's claims are barred by the rule

---

[6] In more thoroughly explaining this rule, the Third Circuit has written the following:

Generally speaking, a trial court has discretion to address evidence outside the complaint when ruling on a motion to dismiss. <u>Kulwicki v. Dawson</u>, 969 F.2d 1454, 1462 (3d Cir. 1992) (citing 5A Wright & Miller, Fed. Prac. & Proc. § 1366, at 491 (1990)). Further, as one treatise has explained, simply attaching exhibits to a complaint does not necessarily make that complaint amenable only to summary judgment or foreclose a court from considering those exhibits in its Rule 12(b)(6) ruling:

As a general rule, the court may only consider the pleading which is attacked by an FRCP 12(b)(6) motion in determining its sufficiency. * * * The court is not permitted to look at matters outside the record; if such matters are considered, the FRCP 12(b)(6) motion to dismiss is, by the express terms of FRCP 12(b), converted into a motion for summary judgment. However, the court may consider documents which are *attached* to or submitted with the complaint, as well as legal arguments presented in memorandums or briefs and arguments of counsel. Further, documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered. * * * Documents that the defendant attaches to the motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim; as such, they may be considered by the court.

62 Fed. Proc., L.Ed. § 62:508 (citations omitted) (emphases added); <u>see also</u> 62 Fed. Proc., L.Ed. § 62:520 ("As previously discussed, certain matters outside the body of the complaint itself, such as exhibits attached to the complaint and facts of which the court will take judicial notice, will not trigger the conversion of an FRCP 12(b)(6) motion to dismiss to an FRCP 56 motion for summary judgment.").

<u>Pryor v. Nat'l Collegiate Athletic Ass'n</u>, 288 F.3d 548, 559–60 (3d Cir. 2002).

which was first articulated in Heck v. Humphrey, 512 U.S. 477 (1994), and which

has been extended by subsequent decisions. Both parties have briefed this issue,

thus complying with the court's Order of February 1, 2008 (Document No. 25).

As explained below, the court holds that Plaintiff's claims are barred by Heck and

its progeny. The court therefore will dismiss Plaintiff's second amended

complaint without prejudice.

## A. Heck v. Humphrey and Its Progeny

"In Heck[v. Humphrey, 512 U.S. 477 (1994)], the Supreme Court

held that where success in a § 1983 action would implicitly call into question the

validity of [a] conviction or [the] duration of a sentence, the plaintiff must first

achieve favorable termination of his available state or federal habeas remedies to

challenge the underlying conviction or sentence." Williams v. Consovoy, 453

F.3d 173, 177 (3d Cir. 2006); see also Heck v. Humphrey, 512 U.S. 477, 486–87

(1994).[7] In Wilkinson v. Dotson, 544 U.S. 74 (2005), the Supreme Court

---

[7] The Heck Court explained its holding as follows:

We hold that, in order to recover damages for allegedly unconstitutional
conviction or imprisonment, or for other harm caused by actions whose
unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff
must prove that the conviction or sentence has been reversed on direct appeal,
expunged by executive order, declared invalid by a state tribunal authorized to
make such determination, or called into question by a federal court's issuance of a
writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that
relationship to a conviction or sentence that has *not* been so invalidated is not

reaffirmed this rule, writing that "a state prisoner's § 1983 action is barred (absent

prior invalidation) – no matter the relief sought (damages or equitable relief), no

matter the target of the prisoner's suit (state conduct leading to conviction or

internal prison proceedings) – *if* success in that action would necessarily

demonstrate the invalidity of confinement or its duration." Id. at 81–82 (emphasis

in original); see also Williams, 453 F.3d at 177 (quoting this passage in Dotson).

Decisions following Heck have clarified and expanded the scope of

its rule in many ways, two of which are relevant here.  First, the applicability of

Heck's rule does not depend on the kind of relief sought; it applies with equal

force to claims for damages, as well as for injunctive and declaratory relief.  See

Dotson, 544 U.S. at 81–82 ("[A] state prisoner's § 1983 action is barred (absent

prior invalidation) – *no matter the relief sought (damages or equitable relief)* . . . –

*if* success in that action would necessarily demonstrate the invalidity of

confinement or its duration.") (emphasis added); Edwards v. Balisok, 520 U.S.

---

cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983
suit, the district court must consider whether a judgment in favor of the plaintiff
would necessarily imply the invalidity of his conviction or sentence; if it would,
the complaint must be dismissed unless the plaintiff can demonstrate that the
conviction or sentence has already been invalidated.  But if the district court
determines that the plaintiff's action, even if successful, will *not* demonstrate the
invalidity of any outstanding criminal judgment against the plaintiff, the action
should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 486–87 (footnotes omitted, emphases in original).

641, 648 (1997) (applying <u>Heck</u> to bar claims for declaratory relief and money damages); <u>Osborne v. District Attorney's Office</u>, 423 F.3d 1050, 1053 (9th Cir. 2005) ("<u>Dotson</u> thus erases any doubt that <u>Heck</u> applies both to actions for money damages and to those, like this one, for injunctive relief . . . ."); <u>Hundley v. Ziegler</u>, Civil Action No. 07-848, 2007 WL 2345285, at *4 (W.D. Pa. Aug. 16, 2007).

Second, although <u>Heck</u> itself involved a claim under 42 U.S.C. § 1983, its rule applies with equal force to claims brought under 42 U.S.C. §§ 1985 and 1986. See <u>McQuillion v. Schwarzenegger</u>, 369 F.3d 1091, 1097 n.4 (9th Cir. 2004) (citing <u>Amaker v. Weiner</u>, 179 F.3d 48, 52 (2d Cir. 1999)); <u>Lanier v. Bryant</u>, 332 F.3d 999, 1005–06 (6th Cir. 2003); <u>see also</u> <u>Zhai v. Cedar Grove Municipality</u>, 183 Fed. Appx. 253, 255 (3d Cir. 2006); <u>Thomas v. McGettigan</u>, Civil Action No. 07-1893, 2007 WL 2071893, at *2 n.3 (E.D. Pa. July 17, 2007); <u>Rashid v. Monteverde & Hemphill</u>, No. Civ. A. 95-2449, 1997 WL 360922, at *3 (E.D. Pa. June 24, 1997).

## B.  Applying <u>Heck</u>'s Rule to This Case

The issue before the court is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction[s] or sentence[s]." <u>Heck</u>, 512 U.S. at 487.  If so, Plaintiff's claims are barred by <u>Heck</u>,

unless Plaintiff can prove that his convictions for first-degree murder and possession of an instrument of crime have already been invalidated. <u>Heck</u>, 512 U.S. at 487.

There is no doubt that a judgment in Plaintiff's favor in this action would imply the invalidity of his convictions (and sentences) for first-degree murder and possession of an instrument of crime. Plaintiff has alleged that the prosecutor at his trial (Debra Naish) conspired with his defense counsel (Dale Nicholson) to "leave a majority of biased jurors on the jury panel," and with Detective Thomas Augustine "to suppress exculpatory videotape recordings from the jury." SAC at 5. According to Plaintiff, Defendant participated in and failed to protect Plaintiff from this conspiracy by not arguing on appeal that Plaintiff's convictions should be reversed because of the allegedly biased jurors and "suppressed" exculpatory evidence. <u>Id.</u> at 6–7. Thus, Plaintiff claims that Defendant perpetuated the "suppression" of exculpatory evidence from the Pennsylvania appellate courts, which resulted in the affirmance of Plaintiff's wrongful convictions and sentence, and for which Defendant should be liable under 42 U.S.C. §§ 1985(3) and 1986. <u>Id.</u>

As the preceding paragraph makes plain, Plaintiff's entire case is premised on the notion that the alleged conspiracy to leave biased jurors on the

panel, and to "suppress" exculpatory videotape evidence, led to him being
convicted for crimes he believes he did not commit.[8] Id. at 5. Ruling in Plaintiff's
favor in this action – i.e., holding Defendant liable to Plaintiff under 42 U.S.C. §§
1985(3) and 1986 – would require the court to agree with Plaintiff (either that
biased jurors were improperly left on the panel at his trial, or that exculpatory
evidence was improperly kept from the jury and the appellate courts), which
"would necessarily imply the invalidity of [Plaintiff's] conviction or sentence."[9]

---

[8] Plaintiff's brief on the Heck issue leaves no room for doubt on this point:

> The plaintiff [did not] shoot the decedent and the videotape is an eyewitness to
> this truth. The Superior Court and Supreme Court of Pennsylvania on Direct
> Appeal and on Petition for Allowance Of Appeal had been deprived of the
> exculpatory videotape evidence which had been deliberately suppressed by the
> prosecution and by the defendant in this case at bar. Had any of the Superior and
> Supreme Court Justices had the opportunity to rule on the Brady vs. Maryland and
> United States vs. Bagley, the plaintiff in this matter would have been completely
> exonerated.

Document No. 28, at 1.

[9] Numerous courts, in the Third Circuit and elsewhere, have reached the same conclusion
on similar facts. See Amaker v. Weiner, 179 F.3d 48, 51 (2d Cir. 1999) (holding that the
plaintiff's claim that the government had withheld exculpatory evidence sounded under Brady
and was therefore barred by Heck); Moore v. Novak, 146 F.3d 531, 536 (8th Cir. 1998) (same);
Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1996) (same); Gravely v. Speranza, 408 F. Supp. 2d
185, 189–90 (D.N.J. 2006) (same); Strohl v. Lifequest Nursing Center, No. Civ. A. 01-2722,
2002 WL 188571, at *3 (E.D. Pa. Feb. 4, 2002) (same); see also Cook v. City of Philadelphia,
179 Fed. Appx. 855, 858 (3d Cir. 2006) ("A holding by this Court declaring that the jury was
purposely improperly empaneled would call into question the validity of Cook's conviction.");
Stocker v. Hood, 927 F. Supp. 871, 873 (E.D. Pa. 1996) ("[A] judgment in Stocker's favor would
necessarily imply the invalidity of his conviction, because he is alleging that his conviction was
the product of an unconstitutional conspiracy between his defense counsel and the
government.").

<u>Heck</u>, 512 U.S. 487.

Since "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction[s] or sentence[s]," <u>Heck</u>, 512 U.S. at 487, Plaintiff's claims are barred under <u>Heck</u> unless Plaintiff can prove that his convictions for first-degree murder and possession of an instrument of crime have not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." <u>Id.</u> Plaintiff has made no allegation -- nor presented any evidence -- that his convictions have been invalidated,[10] so the court must conclude that Plaintiff's convictions are still valid and outstanding.[11] <u>See</u> <u>Toro v. Regine</u>, No. CA 05-455 T, 2005 WL 3689632, at

---

[10] According to the allegations in the second amended complaint ("SAC"), Plaintiff was convicted on February 3, 2005 and sentenced on April 13, 2005. <u>See</u> SAC at 3. Moreover, the allegations in the SAC make it clear that his direct appeals of his convictions were actively litigated (unsuccessfully) until at least November 30, 2006, when Defendant (acting as Plaintiff's counsel on appeal) filed a notice of appeal in the Supreme Court of Pennsylvania. <u>Id.</u> at 3–5. Finally, Plaintiff's own brief on the <u>Heck</u> issue reveals that "[t]he case in question is pending in the PCRA Court in the city and county of Philadelphia, Pennsylvania, in limbo status unassigned." Document No. 28, Exhibit 3 (showing that Plaintiff's state post-conviction relief petition was received in state court on July 10, 2007).

[11] On this point, Plaintiff argues in his brief that his convictions are invalid, because "Court records" show that they were obtained in violation of his rights under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). <u>See</u> Document No. 28, at 4. This may or may not be true, but <u>Heck</u> requires that Plaintiff prevail on this point in a state or federal habeas petition (or somehow otherwise invalidate his convictions) before suing Defendant as he has under 42 U.S.C. §§ 1985(3) and 1986.

Heck, 512 U.S. 487.

Since "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction[s] or sentence[s]," Heck, 512 U.S. at 487, Plaintiff's claims are barred under Heck unless Plaintiff can prove that his convictions for first-degree murder and possession of an instrument of crime have not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. Plaintiff has made no allegation -- nor presented any evidence -- that his convictions have been invalidated,[10] so the court must conclude that Plaintiff's convictions are still valid and outstanding.[11] See Toro v. Regine, No. CA 05-455 T, 2005 WL 3689632, at

---

[10] According to the allegations in the second amended complaint ("SAC"), Plaintiff was convicted on February 3, 2005 and sentenced on April 13, 2005. See SAC at 3. Moreover, the allegations in the SAC make it clear that his direct appeals of his convictions were actively litigated (unsuccessfully) until at least November 30, 2006, when Defendant (acting as Plaintiff's counsel on appeal) filed a notice of appeal in the Supreme Court of Pennsylvania. Id. at 3–5. Finally, Plaintiff's own brief on the Heck issue reveals that "[t]he case in question is pending in the PCRA Court in the city and county of Philadelphia, Pennsylvania, in limbo status unassigned." Document No. 28, Exhibit 3 (showing that Plaintiff's state post-conviction relief petition was received in state court on July 10, 2007).

[11] On this point, Plaintiff argues in his brief that his convictions are invalid, because "Court records" show that they were obtained in violation of his rights under Brady v. Maryland, 373 U.S. 83 (1963). See Document No. 28, at 4. This may or may not be true, but Heck requires that Plaintiff prevail on this point in a state or federal habeas petition (or somehow otherwise invalidate his convictions) before suing Defendant as he has under 42 U.S.C. §§ 1985(3) and 1986.

*1 (D.R.I. Dec. 27, 2005) (citing <u>Figueroa v. Rivera</u>, 147 F.3d 77, 80 (1st Cir.

1998)). <u>Heck</u> and its progeny therefore bar Plaintiff's claims under 42 U.S.C. §§

1985(3) and 1986, and the court must dismiss this action for failure to state a claim

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). <u>See Heck</u>, 512 U.S. at 487; <u>see also</u>

<u>Dotson</u>, 544 U.S. at 81–82.

### IV. Conclusion

As explained above, Plaintiff's second amended complaint will be

dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), because it fails to state a

claim on which relief may be granted.  The court will not give Plaintiff leave to

amend his complaint again, because such an amendment would be futile in light of

the fact that the relief Plaintiff seeks is barred by <u>Heck</u> and its progeny.  <u>See</u>

<u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004); <u>Tejada v. Hilbert</u>, No. 07-MC-

41, 2007 WL 1152677, at *2 (E.D. Pa. Apr. 17, 2007).  Plaintiff's second amended

complaint therefore will be dismissed without prejudice.  <u>See Amaker</u>, 179 F.3d at

52 ("Disposition of the case on <u>Heck</u> grounds, however, warrants only dismissal

*without* prejudice, because the suit may be reinstituted should plaintiff's

conviction be expunged by executive order, declared invalid by a state tribunal

authorized to make such determination, or called into question by a federal court's

issuance of a writ of habeas corpus.") (internal quotation omitted) (emphasis in

original); see also Shelton v. Macey, 883 F. Supp. 1047, 1050 (E.D. Pa. 1995).

Lastly, Defendant's Motion for Reconsideration of the court's Order of February

1, 2008 will be denied for the reasons set forth in note 2, supra.


        An appropriate Order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAVOY ROBINSON,<br>**Plaintiff,**<br><br>v.<br><br>**DAVID SCOTT RUDENSTEIN,**<br>Defendant. | **CIVIL ACTION NO. 07-3160** |

## ORDER

**AND NOW,** this 5th day of March, 2008, upon consideration of the parties' briefs on the issue of whether Plaintiff's claims are barred by the rule articulated in <u>Heck v. Humphrey</u> (Documents No. 28 and 29), and Defendant's Motion for Reconsideration of the court's Order of February 1, 2008 (Document No. 29), it is hereby **ORDERED** as follows:

    1. Defendant's Motion for Reconsideration is **DENIED;**

    2. Plaintiff's second amended complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), because it fails to state a claim on which relief may be granted; and

    3. The Clerk shall mark this action **CLOSED** for statistical purposes.

**BY THE COURT:**

_____

**MARVIN KATZ, S.J.**